### CURTIN v. CURTIN et al.

*(Supreme Court, General Term, Second Department. December 10, 1890.)*

CANCELLATION OF DEED—FRAUDULENT CONVEYANCE.

　　Plaintiff conveyed land to his brother, without consideration, and with intent to delay creditors. About a year afterwards, plaintiff's brother reconveyed the land, but he subsequently, with plaintiff's consent, cut off his signature to the deed, and gave a deed to his wife, whom he had married after the reconveyance to plaintiff. *Held,* that plaintiff was entitled to a cancellation of his deed to his brother, and to a reconveyance from the latter and his wife, no rights of the wife as a purchaser for value and without notice of plaintiff's claim being shown.

Appeal from special term, Kings county.

Action by Edward J. Curtin against William H. Curtin and his wife, Carrie F. Curtin, for cancellation of a deed of real estate and reconveyance of the premises. From a judgment for plaintiff on trial by the court without a jury, defendants appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Horace Graves,* for appellants. *A. J. Spencer,* for respondent.

BARNARD, P. J. The real estate in question was deeded by the plaintiff to his brother William H. Curtin, without consideration, and with the intent to interpose a title against a claim held by another brother or by his general creditor. If there were no other facts to be considered, the case would be a plain one where a court of equity would not aid the plaintiff in a recovery of the property. A deed, however, was given by the defendant William H. Curtin to his brother Edward J. Curtin about a year after he received the title from plaintiff. The defendant William H. Curtin was then unmarried. This deed was delivered to the plaintiff, and by him left for record in the register's office of Kings county. The effect of this conveyance was to vest the title again in the plaintiff, for there is no principle which prevents a fraudu-

lent vendee from reconveying the property to the fraudulent vendor. The title never again got in the defendant William H. Curtin. He subsequently obtained the consent of his brother, the plaintiff, to cut out or otherwise mutilate his name which was upon the deed; but this act neither destroyed the plaintiff's title nor transferred it to the grantor again. The defendant Carrie F. Curtin has no better right than her husband. The complaint avers that she claims an interest in the property derived from her husband, and she denies this in her answer. The complaint avers that the wife's interest was taken with full knowledge of the facts, and she denies this, but sets up no claim whatever. The proof of the deed from her husband to herself under the pleadings gave the wife no rights, under this recording act, as a purchaser for value and without notice of the plaintiff's rights, and the court was justified in the finding that her deed from her husband gave her no title as against the plaintiff. The decree that the defendants gave a deed in the place of the one destroyed was reasonable and proper. The proof shows that the defendant William H. Curtin destroyed his deed for his own purposes and benefit, and under a purpose to give a new one. There is no question under the statute of frauds as to fraudulent conveyances as to the arrangement, and there is no reason why the defendants should not carry it out. The judgment should therefore be affirmed, with costs.